UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| KAYLA PAUL LINDSEY, | ) |
| | ) |
| Plaintiff/Petitioner, | ) |
| | ) Docket No.: 3:15CR00017TSL-FKB-1 |
| v. | ) |
| | ) |
| UNITED STATES OF AMERICA, et al, | ) |
| | ) |
| Individually and in Official Capacity | ) |
| David H. Fulcher; Assistant U.S. Attorney | ) |
| Individually and in Official Capacity | ) |
| John Colette, Defense Attorney | ) |
| | ) |
| Defendants | ) |
| | ) |

**RESPONSE to D. Michael Hurst, Jr., U.S. Attorney for the Southern District of Mississippi and David H. Fuller, Assistant U.S. Attorney response that the Court should deny the Motion to Set Aside the Guilty Plea:**

COMES NOW, Kayla Paul Lindsey, Plaintiff responding to the U.S. Attorney, D. Michael Hurst and the Assistant U.S. Attorney, David H. Fuller response to Plaintiff's Writ of ERROR CORAM NOBIS that the Court should deny the Motion to set aside the Guilty Plea.

The Defendants claim that the Plaintiff waived all rights to appeal and seek Post-Conviction Relief, and that the waiver of Plaintiff's Right to contest the conviction in any Post-Conviction proceeding, and that the Plaintiff knowingly agreed to waive her right to Post-Conviction Relief.

Plaintiff has raised Constitutional Grounds/Violations of Due Process Rights. She questions the legality of the Indictment, the Plea Agreement, and the Conviction. When Constitutional issues are raised, the Plea Agreement is irrelevant. In Heflin v. United States 358 U.S. 415 (1959), the concurring that even tardiness, other issues are irrelevant were constitutional issues are raised. See McKinney v. United States 208F .2d 846, 847.

Ineffective Assistance of Counsel (1957) "A misrepresentation in which the defendant is of fair trial because the lawyer handles the case unreasonably, usu. either by performing incompetently or by not devoting full effort to the defendant." See Hernandez, 242 F .3d at 112, defense Attorney misadvised Plaintiff about the consequences of the Plea Agreement and affirmatively misled Plaintiff into believing that she would not face immigration consequences. In response to the United States Attorney's allegation that the Plaintiff took the Plea Agreement knowingly that she would get deported, Plaintiff did not take the Plea Agreement knowingly that it would lead to her deportation. She relied on her Attorney's advice that she would not face any adverse immigration consequences from the Plea Agreement.

According to Justice Gorsuch in Sessions v. Demaya, "the most basic of due process customary protections in the demand of fair notice." Due Process mandates that all factors should be soluble when someone's liberty is concerned ...

Petitioner, Kayla Lindsey would never have waived her right to post conviction relief knowing that this decision would interfere with her immigration status.

As Justice Gorsuch puts it in Sessions v. Demaya, "'life, liberty and property' may not be taken 'without due process of law.' That means the Government generally may not deprive a person of those rights without affording him the benefit of (at least) those 'customary procedures to which freemen are entitled by the old law of England.'"

The U.S. Attorney stated that, 'Plea Agreement fully informed Lindsey as to the possible immigration consequences of her guilty plea prior to pleading guilty." An "accused who has not received reasonably effective assistance from Counsel in deciding to Plead Guilty cannot be bound by that Plea because a Plea of Guilty is valid only if made intelligently and voluntarily." See United States v. George, 869 F.2d 333, 335-36 (7th Cir. 1989); Downs-Morgan v. United States, 765 F.2d 1534, 1538 (11th Cir. 1985).

In Padilla v. Kentucky, dealing with advice about the effects of a guilty plea on immigration status, the Supreme Court analyzed where Counsel representation fell below an objective standard of reasonableness. The Court discussed that if the law is not succinct and straightforward on a topic; a criminal defense attorney does not need to do more than advise a non-citizen that pending criminal charges may carry a risk of adverse immigration consequences. But when the deportation consequences is truly clear, such as exile from this country and separation from ones family, the duty, to give correct advice about an issue like deportation, and failure to do so clearly satisfies the Strickland Analysis at all angles. In fact, Petitioner has seen other cases where Counsels have been able to plea bargain creatively with Prosecutor and come up with a scenario that reduces the changes of deportation.

The U.S. Attorneys alleged that, "Defendant understands that no one, including Defendant's Attorney or Court can predict to certainty the effect of Defendant's conviction on Defendant's immigration status. Defendant regardless, wanted to Plead Guilty of any immigration consequences even if the consequences is automatic removal from the United States."

Plaintiff agrees with the United States Attorneys that no one knows for certain the effect of a guilty plea on a defendant's immigration status. This is the reason why Defense Counsel should make sure Defendant understand the true nature of the guilty plea he or she is about to embark into, so that he or she understands the consequences of his or her decision. An attorney failure to inform a client of the deportation consequences of a guilty plea is in violation of the client Due Process Right.

## CONCLUSION

Petitioner/Plaintiff, Kayla Lindsey satisfied the prongs of Strickland, proving the Counsels were deficient. Defense Counsels misadvised her about the consequences of the Plea Agreement and affirmatively misled Plaintiff into believing that she would not face any immigration consequences, making counsels ineffective.

Plaintiff would like to bring to the attention of the Court that the U.S. Attorneys have not addressed the issue of Plaintiff's Ground Three: Due Process/Fraud Vagueness Clause/Lack of Agreement. Therefore, they agree with Plaintiff's claim on this ground.

For the aforementioned reasons, Petitioner, Kayla Lindsey Writ of Error Coram Nobis, should be granted.

Kayla Paul Lindsey, Petitioner/Plaintiff certify under penalty of perjury, under the laws of the United States of America that the aforementioned is true and complete to the best of my knowledge.

Executed this 10th day of September 2018.

Respectfully Submitted,

*Kayla Lindsey* (signature)

Kayla Lindsey,
Plaintiff/Petitioner

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

## PROOF OF SERVICE

I, Kayla Paul Lindsey, a living woman and non-fiction, hereby certify under penalty of perjury, under laws of the United States of America, that I am at least eighteen (18) years of age, and that I personally service the following document(s):

**RESPONSE TO D. MICHAEL HURST, JR., U.S. ATTORNEY AND DAVID H. FULLER, ASSISTANT U.S. ATTORNEY RESPONSE THAT THE COURT SHOULD DENY THE MOTION TO SET ASIDE THE GUILTY PLEA**

By placing one true correct copy of said document(s) in first class United States Mail Office, at LaSalle Detention Center, with postage prepaid and properly addressed to the following:

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION
501 E. COURT STREET, STE. 2.500
JACKSON, MISSISSIPPI 39201

UNITED STATES ASSISTANT ATTORNEY
DAVID H. FULCHER
501 EAST COURT STREET, SUITE 4.430
JACKSON, MISSISSIPPI 39201

## UNSWORN DECLARATION OF PERJURY

I, Kayla Paul Lindsey, a living woman and non-fiction, under penalty of perjury, certify that the aforementioned is true to the best of my knowledge, and executed on this date: September 10, 2018, A.D.

So Served,

*[signature]*

Kayla Paul Lindsey.
Plaintiff/Petitioner